Judge Green.
delivered the following-opinion; in which the other Judges concurred:*
The deeds of trust of the 28th of April, and 8th of May, 1813, did not convert the lands thereby conveyed, into personal estate, in the contemplation of a Court of Equity, since they did not provide that the lands should be converted out and out, and at all events into money; on *130 the contrary, the sale was to be made only on the request of C. Clay, or of J. W. Bradley; and, until a sale was actually made, J. W. Bradley, or his heirs at law, might ^ave redeemed the land, upon the payment of the debts secured by the deeds. Whensoever a valid sale should be made, and not until then, the surplus proceeds of sale, after paying the debts, would be personal property, belonging to the person then entitled to redeem, and transmissible to the personal representatives of the person so entitled ; and this, whether the contract of sale had been perfected before the death of the party entitled to the surplus, by conveyance or not. For, in such case, a Court of Equity would -consider that as done, which ought to have been done. Whether the heirs of Mary E. Bradley were entitled to the equity of redemption in the land upon her death, or her personal representative was entitled to the surplus proceeds of the sale made to Moorman, depends upon the question, whether, at the time when the cause was first heard, that 'contract could have been enforced against Moorman, at the instance of that personal representative and the trustees, or against the other parties to the contract, at the instance of Moorman. At that time, (as the agreement of the parties requires the case to be considered,) Evans and wife had retracted, by their answer, their assent originally given to the contract. If Moorman was, in other respects, bound to execute the contract, he could not be bound to do so, unless the parties insisting upon the performance had been able, at the hearing of the cause, to give to or procure for him, such a title as he contracted for. The title of Evans and wife could not be procured, unless they were already bound by the deed which they had executed, and which Moorman had refused to accept, or unless their title would have passed by that deed, if the Court had compelled Moorman then to accept it; or, unless the Court could have compelled Evans and wife to execute a new conveyance, or to deliver that already executed to him. No title passed by the deed, as it never was *131 delivered. By the refusal of Moorman to accept it, the deed lost its force as a deed; and a subsequent delivery, by order of the Court, without the assent of Evans and wife, would have given it no validity. 5 Co. 1196. The Court might have compelled Evans to execute the contract by conveying his interest, either at the instance of Moorman, or of the trustee and personal representative of M. E. Bradley. But, the contract could not be enforced against Mrs. Evans, but with her assent. A conveyance hy Evans would have passed the entire interest of his wife, in the event of his surviving; but, if she survived him, only an interest during his life. And, in that case, she would have been entitled to an estate for her life in a moiety of the land. When a purchaser cannot get a title to all he contracted for, if he can get the substantial inducement to the contract, he may insist upon taking, or he may be bound to accept, the title for so much as the other party can give a good title for, with a reasonable compensation for so much as the party cannot make a title to; or, in case the title is defective in a small matter, perhaps a purchaser might be compelled to accept the title, with an indemnity against the defect of title. But, the contingency of Mrs. Evans surviving her husband, and, in that event, becoming entitled to a moiety of the land for her life, was such a defect as could not be compensated, since there was no rule by which its value could be estimated; nor, was it such a defect as the Court ought to have compelled the purchaser to accept an indemnity against. The contract could not, therefore, be enforced by any of the other parties against Mrs. Evans, and was consequently null, and the equity of redemption descended, on the death of M. E. Bradley, upon her heirs at law, subject to Mrs. Kings-berry’s right of dower. The decree should be, therefore, reversed, and the cause remanded, to be proceeded in accordingly.

 Judge Cabell., absent from indisposition.